**UNITED STATES of America,**
**Appellee,**

v.

**Everett SMITH, Appellant.**

No. 02–2551.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 26, 2002.

Decided Jan. 3, 2003.

Before BOWMAN, WOLLMAN, and BYE, Circuit Judges.

PER CURIAM.

Everett Smith pleaded guilty to possessing with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and the district court[1] sentenced him to 75 months of imprisonment and 5 years of supervised release. On appeal, counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has filed a brief arguing that Smith should not have received a 2–level dangerous-weapon enhancement because it was clearly improbable that the weapon Smith possessed was connected with the offense.

We find that the 2–level enhancement was not erroneous, as it is undisputed that Smith possessed a loaded handgun during the drug transaction underlying his of-

fense. *See* U.S.S.G. § 2D1.1, comment. (n.3) (adjustment should be applied if weapon was present unless clearly improbable it was connected with offense); *United States v. Cave*, 293 F.3d 1077, 1079 (8th Cir.2002) (district court's factual determinations leading to enhancement are reviewed for clear error and legal conclusions are reviewed de novo); *United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir. 2000) (per curiam) (government need not show defendant used or even touched weapon to show connection; court's finding that defendant transported gun to house, along with drugs and drug paraphernalia, supported 2–level enhancement).

Following our independent review, *see Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw.

A true copy.

---

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.